IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**UNITED STATES OF AMERICA,**     CASE NO. 3:25 CR 11

    Plaintiff,

    v.     JUDGE JAMES R. KNEPP II

**DARYL MICKLES, JR.,**

    Defendant.     **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Currently pending before the Court is Defendant Daryl Mickles, Jr.'s Motion for Detention Hearing and Objection to Magistrate Order of Detention. (Doc. 18). Therein, Mickles stated that he "objects to the Magistrate Judge's conclusion that he cannot be [released] due to not introducing sufficient evidence to rebut the presumption of detention." *Id.* at 1-2. He requested leave to file additional arguments in support of his objection once a transcript of the detention hearing was received; he further requested a hearing. *Id.* at 2. The transcript was filed on February 21, 2025. (Doc. 19). The Court thereafter granted Mickles leave to file a supplemental brief by March 12, 2025. The deadline has expired, and no such supplement has been received.

For the reasons set forth below, Mickles's Motion is denied.

### BACKGROUND

Mickles was charged by way of a criminal complaint on December 18, 2024, with possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 1).

Mickles originally waived a hearing and consented to detention. (Doc. 11). He subsequently requested a detention hearing and pretrial release. (Doc. 14).

Magistrate Judge Darrell A. Clay conducted a detention hearing on January 3, 2025. (Doc. 19) (transcript). On January 6, 2025, he ordered Mickles detained pending trial. (Doc. 16). Judge Clay found Mickles did not rebut the presumption of detention under 18 U.S.C. § 3142(e)(3), but even if he did, the Government proved by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person or the community and by a preponderance of evidence that no condition or combination of conditions would reasonably assure the defendant's appearance as required. *Id.* at 2. Evaluating the 18 U.S.C. § 3142(g) factors, Judge Clay emphasized (1) the weight of the evidence; (2) Mickles's lengthy prior criminal activity, including probation violations, (3) that Mickles was subject to a lengthy period of incarceration if convicted; and (4) prior instances of failure to appear in court as ordered. *See id.* at 2-9.

Subsequently, on January 8, 2025, Mickles was charged in a five-count indictment. (Doc. 17). He is charged with conspiracy to distribute and possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 2), felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts 3 and 4), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). *Id.* Judge Clay conducted an arraignment on these charges on January 14, 2025.

**STANDARD OF REVIEW**

A defendant may challenge a Magistrate Judge's detention order before a District Judge under 18 U.S.C. § 3145(b). That statute permits a court with "original jurisdiction over the offense" to consider "a motion for revocation or amendment" of the Magistrate Judge's detention order. *Id.* Although there is some dispute on the precise standard of review under that statute in the Sixth Circuit, it appears *de novo* review for this type of challenge is the majority rule. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-28 (S.D. Ohio 2000) ("In the Sixth Circuit, the district courts have followed various procedures to review a magistrate judge's detention order[.] . . . The Majority view appears to favor the district court's *de novo* review of detention orders by magistrate judges[.]") (collecting cases and noting the Second, Third, Fourth, Fifth, Eighth, Tenth, and Eleventh Circuits direct district courts to use *de novo* or independent review in these circumstances)[1]; *see also United States v. Beard*, 528 F. Supp. 3d 764, 771 (N.D. Ohio 2021) ("District courts review a magistrate judge's release or detention order *de novo*.").

**DISCUSSION**

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance

---

1. While the Bail Reform Act is silent about whether a defendant is entitled to an in-court hearing on an appeal of a detention order, there is ample authority for the conclusion that the Court may decide the motion on the filings (including proffers offered by counsel) as opposed to a hearing. 18 U.S.C. § 3145(b) establishes that "[i]f a person is ordered detained by a magistrate judge", that person "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." The court "may conduct an evidentiary hearing" as part of its review. *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988). However, "there is no statutory requirement that the court hold a hearing", and the court "retains the discretion to decide whether to hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019); *King*, 849 F.2d at 490 ("based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct.").

of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)).

As to risk of flight, the United States must carry its burden by a preponderance of the evidence. *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004). With respect to dangerousness, however, the United States must present clear and convincing evidence to prevail. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)). In meeting this burden, the Government may proceed by proffer or hearsay. *Id.* at 948-49. In making its determination, the Court must consider certain factors. *See* 18 U.S.C. § 3142(g). Consideration of these factors does not modify or limit the presumption of innocence. *Stone*, 608 F.3d at 946 (citing 18 U.S.C. § 3142(j)).

In addition to Mickles's motion (Doc. 18), which presents little by way of argument, the Court has reviewed the evidence presented at Judge Clay's detention hearing, including the amended pretrial services report (Doc. 9), pretrial services report addendum (Doc. 15), and the transcript of the detention hearing (Doc. 19). Upon that *de novo* review, the Court agrees with and adopts Judge Clay's Order of Detention (Doc. 16) issued January 6, 2025, as its own. The Court finds Mickles has not presented evidence to rebut the presumption of detention in 18 U.S.C. § 3142(e)(3). Even if he had, the Court also finds the Government presented (1) clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community and (2) more than a preponderance of evidence that no condition or combination of conditions would reasonably assure Mickles's appearance as required. As such, Mickles shall remain detained pending trial.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Mickles's Motion for Detention Hearing and Objection to Magistrate Order of Detention (Doc. 18) be, and the same hereby is, DENIED.

        s/ *James R. Knepp II*
        UNITED STATES DISTRICT JUDGE

Dated: April 17, 2025